UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON, JR.,

                Plaintiff,                Civil Action No. 20-10499
                                                Honorable Matthew F. Leitman
v.                                                 Magistrate Judge David R. Grand

RYAN CHAPKO, CLAYTON
TOWNSHIP POLICE DEPARTMENT,
FLUSHING TOWNSHIP POLICE
DEPARTMENT, and FLUSHING
POLICE DEPARTMENT,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO *SUA SPONTE*
DISMISS, IN PART, PLAINTIFF'S COMPLAINT AND
AMENDED COMPLAINT (ECF Nos. 1, 5) UNDER 28 U.S.C. § 1915(e)**

**I.    REPORT**

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 18). Plaintiff Calvin Robinson, Jr. ("Robinson") has been granted permission to proceed *in forma pauperis* in this case. (ECF No. 10). The Court now having assessed the sufficiency of the complaint and amended complaint[1]

---

[1] Although Robinson filed an amended complaint on May 6, 2020, this document contained no factual allegations; rather, it merely indicated that Robinson wanted to amend his claim to "add Flint Police Department." (ECF No. 5, PageID.13). Subsequently, however, Robinson sought to dismiss his claims against that entity (ECF No. 14), and that request was granted (ECF No. 17). Thus, the Court will focus its analysis on the factual allegations in Robinson's original complaint.

1

pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Robinson's complaint and amended complaint be **DISMISSED** *sua sponte* as to Defendants Clayton Township Police Department,[2] Flushing Township Police Department, and the City of Flushing Police Department.

A.  **Background**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.[3] On February 27, 2020, Robinson filed his complaint in this Court against Ryan Chapko, a Clayton Township police officer, as well as three police departments – the Clayton Township Police Department, the Flushing Township Police Department, and the City of Flushing Police Department (collectively the "Police Department Defendants").

The factual allegations in Robinson's complaint are sparse. Specifically, he alleges that, on October 1, 2018, he was arrested by Officer Chapko for domestic violence. (ECF No. 1, PageID.5). According to Robinson, he pled guilty to this charge and received a sentence of twelve months' probation. (*Id.*). Robinson further alleges that, after this incident, he "started having a lot more run in[s]" with Officer Chapko, who would allegedly pull him over for no reason and search his car without probable cause. (*Id.*). The remainder of Robinson's "Statement of Claim," which is difficult to comprehend, reads as follows:

---

[2] Although the Clayton Township Police Department is not listed as a separate defendant on the docket, Robinson clearly named this entity as "Defendant No. 2" in his complaint. (ECF No. 1, PageID.2). Thus, the Court will consider Robinson's claims against this entity.

[3] In his complaint, Robinson references "42 U.S.C 1998 Civil action for Deprivation of rights color of law" as the basis for federal question jurisdiction in this case. (ECF No. 1, PageID.4). Given the nature of his allegations, however, it appears that Robinson pleads claims for civil rights violations under 42 U.S.C. § 1983. Thus, the Court will construe his action under that statute.

2

> On July 25th 2019 Clayton township were call "the orme" [sic] for a car fire once Clayton Twp police came I left walking Because I felt Clayton twp were out to get me while I was walking Flushing City and Flushing Township stop me ask for my name I ask were I suspected of a crime that when I pull my phone out and start recording the came up to me throw me against the patrol car I ask him repeatedly what crime have I committed He said I didn't say committed they looking for you in Clayton township so while I record a officer walk up grab my phone and throw it in his car I him I didn't consent to that I was place in handcuff and took me to Clayton township when I made there Ryan Chapko took me out Flushing City Police car and put me in his squad car I requested his superior that when Ryan Chapko use his fore [sic] to choke me and said I'm Going to jail I do not go out to Flushing or Clayton township because I'm scared what they might Do to me.

(*Id.*). In his complaint, Robinson seeks damages in the amount of $650,000 – apparently for "wrongful imprisonment" – as well as expungement of his records with the various police departments. (*Id.*, PageID.5, 6). For the reasons set forth below, Robinson's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e) as to the Police Department Defendants.

### B. Legal Standards

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court is required to construe Robinson's *pro se* filing liberally and hold it to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, the Court concludes that Robinson's complaint fails to state a claim

3

upon which relief may be granted against the Police Department Defendants. Accordingly, his complaint should be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B) as to these three entities.

    **C.**    **Analysis**

Robinson's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against the Police Department Defendants. As an initial matter, the Police Department Defendants are not proper defendants in this civil rights action. *See, e.g., Gollnick v. State of Michigan*, No. 20-10645, 2020 WL 3868489, at *5 (E.D. Mich. July 9, 2020) (municipal police departments are not legal entities that may be sued under § 1983) (citing cases); *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (it is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action).

Moreover, even if the Court were to construe Robinson's claims against the Police Department Defendants as having been made against the City of Flushing and/or the Townships of Flushing or Clayton, the outcome would be the same. The law is clear that a municipality may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60-62 (2011); *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). In other words, Clayton Township cannot be held liable to Robinson simply because it employed a person (Officer Chapko) who allegedly violated his rights.[4] Rather, liability under § 1983 may only be found if a municipality has

---

[4] Robinson does not even allege in his complaint that any specific, named officials of either Flushing Township or the City of Flushing violated his Constitutional rights. If he had, however,

a policy, practice, or custom that directly results in the violation of one's constitutional rights. *Id.* at 692. Accordingly, "a plaintiff seeking to impose liability on a municipality under 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). *See also Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (noting that under *Monell*, a plaintiff asserting a § 1983 claim "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom"). To the extent a plaintiff attempts to use a single incident to establish the unconstitutional activity, as Robinson does here, the Supreme Court has stated:

> Proof of a single incident of an unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

To summarize, then, "a plaintiff who sues a city and its police department for constitutional violations under 42 U.S.C. § 1983 must establish that a governmental policy or custom caused the alleged injury." *Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). Here, Robinson appears to allege that Officer Chapko, employed by Clayton Township, violated his constitutional rights by arresting him and by utilizing excessive force against him. However, Robinson does not so much as hint at any official policy, practice or custom of Clayton Township (or of Flushing Township or the City of

---

this analysis would be equally applicable to those entities.

Flushing, for that matter) that caused the alleged deprivation of his constitutional rights. The conclusory allegations in Robinson's complaint are plainly insufficient to state a viable claim that an unconstitutional governmental policy caused his allegedly improper arrest and treatment. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, Robinson's claims against the Police Department Defendants fail as a matter of law and should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

## II. RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Robinson's complaint be **DISMISSED** as against Defendants Clayton Township Police Department, Flushing Township Police Department, and the City of Flushing Police Department, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. After that dismissal, the sole remaining defendant in this case will be Ryan Chapko.

Dated: October 2, 2020                              s/ David R. Grand
                                                    DAVID R. GRAND
                                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this

Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager