UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN ROBINSON, JR.,

                Plaintiff,                Civil Action No. 20-10499
                                                    Honorable Matthew F. Leitman
v.                                                 Magistrate Judge David R. Grand

RYAN CHAPKO, *et al.*,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 39)**

**I.    REPORT**

Before the Court is Plaintiff Calvin Robinson's ("Robinson") Motion for Default Judgment against the sole remaining defendant in this case, Ryan Chapko ("Chapko"), a Clayton Township police officer. In the instant motion, Robinson seeks entry of a default judgment against Chapko pursuant to Fed. R. Civ. P. 55(b) because Chapko's attorney, Gus Morris, failed to appear before the Court for a telephone scheduling/status conference on January 11, 2021. (ECF No. 39). For the reasons set forth below, Robinson's motion should be denied.

Robinson's motion for default judgment is both procedurally and substantively improper. First, the law is clear that the entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *See Lewis v. Detroit Pub. Sch.*, No. 12-11851, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013); *Colston v. Cramer*, No. 07-12726, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that

1

the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."). Here, no default has been entered against Chapko, and thus it would be inappropriate to grant Robinson's motion for default judgment.

Second, Robinson has not shown that the entry of a default, let alone a default judgment, would be proper in this case. Pursuant to Rule 55(a), the clerk may enter a party's default only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise …." Here, Chapko has timely filed an answer to Robinson's complaint (ECF No. 33) and has served written discovery (ECF No. 40-1) on Robinson. Because Chapko has neither failed to plead or otherwise defend, Robinson has not shown entitlement to a default, let alone a default judgment.

## II. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Robinson's Motion for Default Judgment **(ECF No. 39)** be **DENIED**.

Dated: February 3, 2021        s/ David R. Grand
                                         DAVID R. GRAND
                                         UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R.

Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2021.

                                                    s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager